COMMONWEALTH of Pennsylvania,
Appellee,

v.

Michael A. CROSBY, a/k/a Mike
Crosby, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 28, 2003.

Filed March 9, 2004.

Julia Morrow, Philadelphia, for appellant.

Grady Gervino, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., HUDOCK and TODD, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Appellant was convicted by a jury of attempted murder, aggravated assault, robbery, and possession of an instrument of crime. Appellant's post-sentence motion was denied by operation of law and this direct appeal followed.[1] For the reasons below, we conclude this case is controlled by our Supreme Court's decision in *Commonwealth v. Grant* and dismiss Appellant's claims without prejudice to his raising them in a timely post conviction collateral proceeding.

¶ 2 The charges arose out of the beating and robbery of a man with whom Appellant had a sexual relationship. On appeal, Appellant asserts that trial counsel was ineffective for failing to object to a reference to pre-arrest and post-arrest silence and for failing to bring to the jury's attention all of the inconsistent statements given by the victim. Appellant further contends the trial court erred in failing to provide him with an evidentiary hearing to establish these claims.

¶ 3 Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct

---

1. Prior to sentencing, Appellant made an oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704(B) which was denied. *See Commonwealth v. Howe*, 2004 PA Super 19, 842 A.2d 436 (motion for extraordinary relief is not "a substitute vehicle for a convicted defendant to raise matters which could otherwise be raised via post sentence motions.").

appeal but must await collateral review. *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002). The Supreme Court has held, however, that where the trial court has held a hearing on a claim of trial counsel's ineffectiveness, and the record has been fully developed on that issue, is it appropriate for this Court to review an ineffectiveness claim on direct appeal. *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003).

¶ 4 Presently, Appellant's ineffectiveness claims were first raised in his post-sentence motions. However, the trial court did not hold a hearing and the motions were denied by operation of law. Thus, we do not have a record from which we can review Appellant's claims. We recognize that the Comment to Pa.R.Crim.P. 720 requires an evidentiary hearing where new counsel raises claims of trial counsel's ineffectiveness in a post-sentence motion. However, the precedent for this requirement is *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), which was specifically overruled by *Grant.* 813 A.2d at 737. Although we think the better practice is for the trial court to conduct an evidentiary hearing where ineffectiveness claims are raised in post-sentence motions, we cannot conclude that such a hearing is required in view of the Supreme Court's explicit overruling of *Hubbard* by *Grant.*

¶ 5 In its post-*Grant* cases, the Supreme Court has made clear its "strong preference ... to postpone review of all ineffectiveness claims to the collateral process ...." *Commonwealth v. Mitchell,* 839 A.2d 202 (Pa.2003). See also *Commonwealth v. Overby,* 836 A.2d 20 (Pa.2003) (ineffectiveness raised in 1925(b) statement; although case remanded for opinion, no evidentiary hearing held so *Grant* not *Bomar* applies); *Commonwealth v. Belak,* 573 Pa. 414, 825 A.2d 1252 (2003) (*Bomar* does not apply where ineffectiveness claims first raised in 1925(b) statement and trial court refused to consider claims based on lack of an evidentiary record). We conclude therefore that when ineffectiveness claims are raised in a post-sentence motion, the trial court fails to hold an evidentiary hearing, and the motion is denied by operation of law, *Grant* requires that the ineffectiveness claims be deferred to a collateral proceeding.

¶ 6 Accordingly, we dismiss Appellant's claims without prejudice to raise them in a collateral proceeding and affirm the judgment of sentence.

¶ 7 Judgment of sentence affirmed.