**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Regis J. HENKE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.
Filed May 21, 2004.

J. Richard Narvin, Pittsburgh, for appellant.

Michael W. Steily, Deputy Dist. Atty., and Amy E. Constantine, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: MUSMANNO, OLSZEWSKI and POPOVICH, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Regis Henke ("Henke") appeals from the judgment of sentence imposed after he was convicted of rape, involuntary deviate sexual intercourse, indecent assault (two counts), and endangering the welfare of children.[1] We affirm.

¶ 2 The charges arose from various incidents of sexual acts by Henke with a male child victim in the summer of 1997. On September 15, 2000, a jury found Henke guilty of the charges. The trial court sentenced Henke to a prison term of seven to fourteen years on Count 1 (involuntary deviate sexual intercourse); a consecutive prison term of one to two years on Count 3 (indecent assault); a prison term of one to two years on Count 4 (indecent assault), consecutive to the sentence for Count 3; a prison term of one to two years on Count 5 (endangering the welfare of children), consecutive to Count 4; no further penalty on Count 2 (rape); and a probation term of twenty years, beginning on the date of sentencing, on Count 1. The trial court also determined Henke to be a sexually violent predator, and ordered him to comply with the registration requirements of Megan's Law II.[2]

¶ 3 At trial, Henke was represented by Roseanne Diehl, Esquire. On January 30, 2001, after Henke had been sentenced, the trial court appointed Christine Nooning, Esquire, to represent Henke.

¶ 4 Henke filed a timely appeal of the judgment of sentence. On appeal, he raises one issue: whether trial counsel was ineffective in failing to raise various constitutional challenges to Megan's Law II. Specifically, Henke contends that Megan's Law II violates the due process clause of the Fourteenth Amendment to the United States Constitution, and Article 1, Section 9 of the Pennsylvania Constitution, by:

(1) increasing the penalties to which Henke was exposed without providing the necessary due process protections;

(2) increasing the penalties to which Henke was exposed beyond that permitted by statute;

(3) permitting the court to adjudicate Henke a sexually violent predator based on a standard of proof less than "beyond a reasonable doubt" without the protection of a trial by jury;

(4) permitting the court to adjudicate Henke as a sexually violent predator where the proceedings were not initiated by indictment or information;

(5) punishing a defendant for his mental status and prediction of future dangerousness; and

(6) using terms such as "mental abnormality" and "sexually violent predator,"

---

1. 18 Pa.C.S.A. §§ 3121, 3123, 3126, 4304.

2. *See* 42 Pa.C.S.A. §§ 9791–9799.7.

which are lacking in definition, vague and unknowable.

*See* Brief of Appellant at 9.

¶ 5 Claims of ineffective assistance of counsel are evaluated under the following standards:

Counsel will be found to be ineffective where (1) there is arguable merit to the underlying claim; (2) the course chosen by counsel does not have a reasonable strategic basis designed to advance the defendant's interests; and (3) the error of counsel prejudiced the petitioner, *i.e.,* there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different.

*Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999). Counsel will not be deemed ineffective for failing to raise a baseless claim. *Commonwealth v. Roberts,* 545 Pa. 460, 681 A.2d 1274, 1276 (1996).

¶ 6 The Pennsylvania Supreme Court has "made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." *Commonwealth v. Crosby,* 2004 PA Super 58, at ¶ 3, 844 A.2d 1271 (citing *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002)). However, the Court has created the following exception to that rule. "[W]here the trial court has held a hearing on a claim of trial counsel's ineffectiveness, and the record has been fully developed on that issue, it is appropriate for this Court to review an ineffec-

tiveness claim on direct appeal." *Crosby,* 2004 PA Super 58, at ¶ 3, 844 A.2d 1271 (citing *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003)).

¶ 7 In the instant case, the trial court did not conduct a hearing on Henke's claims of ineffective assistance of counsel. Thus, it would appear, based on the above-cited case law, that we are precluded from considering Henke's claims of ineffective assistance of counsel in this direct appeal. However, for the following reasons, we conclude that we may review Henke's ineffective assistance of counsel claims.[3]

¶ 8 As previously indicated, Henke's ineffectiveness claims relate to the constitutionality of various provisions of Megan's Law II. Those underlying claims of the constitutionality of various provisions of Megan's Law II have previously been determined by the Pennsylvania Supreme Court and by this Court to lack merit. *See Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003) (holding that the registration, notification, and counseling provisions of Megan's Law II do not constitute criminal punishment except for the penalty provisions of sections 9795.2(d)(2) and 9796(e)(2), and that these penalty provisions are separable from the other provisions of Megan's Law II; rejecting allegations that Megan's Law II violates due process and subjects a defendant to a separate trial without a jury with a standard of proof of less than a reasonable

---

**3.** In *Commonwealth v. Gonzalez,* 840 A.2d 326, 328 (Pa.Super.2003) (*en banc* ), a majority of this Court addressed a claim of ineffective assistance of counsel on direct appeal although the trial court had not conducted an evidentiary hearing on the claim of ineffectiveness. The majority therein held that claims of ineffective assistance of counsel may be addressed on direct appeal where there is "an adequate record to do so." *Id.* In a concurring Opinion joined by JJ. Musmanno and Graci, J. Lally–Green stated her view that this Court should not review the ineffectiveness of counsel claim raised by Gonzalez because "neither prong of the *Bomar* exception has been established," *i.e.,* no evidentiary record had been developed as to the ineffectiveness claim, and the trial court did not address the ineffectiveness claim in its Opinion. *Id.* at 331 (Lally–Green, J., concurring).

doubt);[4] *Commonwealth v. Kopicz*, 840 A.2d 342 (Pa.Super.2003) (holding that the assessment provisions of Megan's Law II do not violate the requirement of the Pennsylvania Constitution requiring a criminal prosecution to be initiated by information because the assessment process is not a separate criminal prosecution); *Commonwealth v. Howe*, 2004 PA Super 19, ¶¶ 16–22, 842 A.2d 436 (holding that the terms "sexually violent predator" and "mental abnormality," as used in Megan's Law II, are not unconstitutionally vague pursuant to the United States or Pennsylvania Constitutions); *Howe*, 2004 PA Super 19, ¶¶ 26–27, 842 A.2d 436 (rejecting claim that Megan's Law II violates substantive due process by punishing a defendant for his mental status based on a prediction of future dangerousness, as contrary to the holding of *Williams* that the registration, notification, and counseling provisions of Megan's Law II do not constitute criminal punishment).

¶ 9 Henke's challenges to the constitutionality of various provisions of Megan's Law II are stated in a general way. Henke does not allege any facts in relation to those challenges which would require an evidentiary hearing to determine if his counsel was ineffective for failing to raise those claims. Because all of the constitutional challenges that Henke raises have been determined to lack merit, it is apparent from the record that Henke has no possibility of success on his ineffectiveness claims. Therefore, it would serve no purpose to defer Henke's ineffectiveness claims to collateral review.

¶ 10 This case is distinguishable from *Bomar*, 826 A.2d at 831, in that the defendant's claims of ineffectiveness in that case were the types of claims that require an evidentiary hearing and full development

of the record to determine whether counsel was ineffective. Specifically, in *Bomar*, the defendant claimed that his trial counsel was ineffective for failing to (1) call various witnesses; (2) present a diminished capacity defense; (3) move for a second change of venue or venire; (4) request a continuance for additional neuropsychological testing at the penalty phase. *Id.* at 855–60. The present case is unlike *Bomar* because, regardless of the factual record, and regardless of whether trial counsel had no reasonable strategy in failing to raise Henke's claims of the constitutionality of Megan's Law II, those constitutional claims have been determined to lack merit. Thus, there is no possibility that counsel in the instant case could be deemed ineffective for failing to raise those baseless constitutional claims. *See Roberts*, 681 A.2d at 1276 (holding that counsel cannot be deemed ineffective for failing to raise a baseless claim). Accordingly, because the underlying claims of Henke's assertion of ineffective assistance of counsel have no arguable merit, and because it is not necessary to conduct an evidentiary hearing to make this determination or to determine if counsel acted reasonably in failing to raise those underlying claims, we need not defer Henke's claims of ineffective assistance of counsel to collateral review. Since the underlying claims lack arguable merit, we conclude that Henke's claims of ineffective assistance of counsel fail.

¶ 11 Judgment of sentence affirmed.

---

4. Although the *Williams* case had not been decided at the time of Henke's trial, that case was decided during the time that this appeal was pending.