J-S20045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY LYNN BROWN, SR. | : | |
| | : | |
| Appellant | : | No. 1172 MDA 2017 |

Appeal from the PCRA Order June 30, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0000660-2015

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 08, 2018**

Appellant, Gregory Lynn Brown, Sr., appeals from the order entered in the York County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm and grant counsel's petition to withdraw.

In its opinion, the PCRA court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Preliminarily, appellate counsel has filed a motion to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  Before counsel can be permitted to withdraw

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a **Turner**/**Finley** brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates she reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw, and advised Appellant regarding his rights. Thus, counsel substantially complied with the **Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**.

Counsel raises the following issues on Appellant's behalf:[2]

WHETHER THE PCRA COURT ERRED IN RULING THAT

---

[2] Appellant has not responded to the **Turner**/**Finley** brief *pro se* or with newly retained private counsel.

APPELLANT'S [PLEA] COUNSEL…DID NOT RENDER CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION, FOR FAILING TO REVIEW THE PRE-SENTENCE INVESTIGATION ("PSI") REPORT WITH APPELLANT PRIOR TO THE DECEMBER 29, 2015 SENTENCING HEARING.

WHETHER THE PCRA COURT ERRED IN RULING THAT APPELLANT'S [PLEA] COUNSEL…DID NOT RENDER CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION, FOR FAILING TO OBTAIN AND SUBMIT APPELLANT'S MENTAL HEALTH RECORDS FOR THE TRIAL COURT'S CONSIDERATION AT THE SENTENCING HEARING?

(***Turner***/***Finley*** Brief at 5) (internal footnotes omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael E. Bortner, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed January 12, 2018, at 6-10) (finding: court credited plea counsel's testimony at PCRA hearing that he reviewed PSI report with Appellant and that Appellant did not release his mental health records to counsel; in any event, PSI report noted Appellant's mental disorders and medications; thus, Appellant's claims lack arguable merit; additionally, counsel initially recommended that Appellant accept Commonwealth's global offer of 10-20 years' imprisonment for all three cases Appellant was facing, but Appellant rejected offer; counsel reviewed PSI report with Appellant, who then went on to enter open guilty plea voluntarily; Appellant cannot show counsel's actions lacked reasonable basis; further, Appellant had time to review PSI report, which included Appellant's mental health considerations; Appellant freely rejected Commonwealth's initial plea offer and entered open guilty plea; Appellant cannot establish prejudice, and his ineffectiveness claims fail). Accordingly, we affirm based on the PCRA court's opinion. Following an independent review of the record, we grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNYSLVANIA

v.

GREGORY L. BROWN, SR.,
Appellant

: No. CR-428-2015
: No. CR-660-2015
: No. CR-731-2015
:
:
:
:
:
:
:
:

## OPINION IN SUPPORT OF ORDER PURSUANT TO Pa.R.A.P. 1925(a)

Appellant Gregory L. Brown, Sr. appeals to the Superior Court of Pennsylvania from the Order Denying Defendant's Petition for Post-Conviction Relief on June 30, 2017. On July 26, 2017, Appellant filed a Notice of Appeal. Appellant then filed a Concise Statement of Errors Complained of Pursuant to Rule of Appellant Procedure 1925(b) on August 24, 2017. The trial court now issues this 1925(a) Opinion.

## PROCEDURAL HISTORY

On November 9, 2015, Appellant pled guilty (CR-731-2015) to Conspiracy to Commit Robbery and Robbery under 18 Pa.C.S.A. § 903 and 18 Pa.C.S.A. § 3701 (A)(1)(II); pled guilty (CR-428-2015) to Terroristic Threats under 18 Pa.C.S.A. § 2706 (A)(1); and pled guilty (CR-660-2015) to Robbery under 18 Pa.C.S.A. § 3701 (A)(1)(II).

The Honorable Michael E. Bortner ("trial court") ordered a full Pre-Sentence Investigation (PSI) report and recommendation. The trial court held a sentencing hearing on December 29, 2015. Appellant was sentenced to serve two consecutive terms of eight to twenty years imprisonment with a concurrent sentence of three and half years to seven years imprisonment. Appellant was represented at the time by William H. Graff, Esquire.

On December 12, 2016, Appellant filed a motion for post-conviction relief alleging ineffective assistance of counsel and the imposition of a sentence greater than the lawful maximum. On December 29, 2016, Heather Reiner, Esquire was appointed to become Appellant's counsel.

The trial court denied Appellant's PCRA motion after a hearing on June 30, 2017. In his statement, Appellant alleges two issues to be considered by this Court:

1) whether the trial court erred in finding that there was no ineffective assistance of counsel when Attorney Graff failed to review the PSI report with Appellant before the sentencing hearing; and

2

2) whether the trial court erred in finding that there was no ineffective assistance of counsel when Attorney Graff failed to obtain and submit Appellant's mental health records to the trial court for sentencing purposes.

## FACTUAL SUMMARY

At the PCRA hearing, Appellant testified that he never "received my pre-sentence investigation in a reasonable amount of time for me to observe it before sentencing." PCRA Hearing Transcript 6/30/2017, at 4. Appellant testified that he had decided to enter into an open guilty plea, even though there was an offer by the Commonwealth to serve only 10 to 20 years imprisonment. Id. at 5. Appellant testified that Attorney Graff told Appellant that Appellant should make an open guilty plea instead of entering into a plea agreement with the Commonwealth because Appellant would "probably get less [time] than that." Id. Appellant testified that he knew the risks of entering into an open guilty plea and that the sentence was ultimately at the discretion of the trial court. Id.

3

Appellant testified that he didn't get a chance to look at the pre-sentence investigation report until the day of sentencing. Id. at 6. Appellant testified that Attorney Graff did not review the report with him. Id. Appellant testified that he could not recall if Attorney Graff had any discussion with Appellant immediately before the sentencing hearing or if Attorney Graff made any mitigating arguments on Appellant's behalf. Id. at 7.

Appellant testified that he was involved with the pre-sentence investigation interview. Id. at 6. Appellant testified that he did not take any medication for bipolar disorder and manic depression at the time of his offense. Id .at 8. Appellant testified that he currently takes medication and that the Probation Department was aware of these issues. Id.

Appellant testified that Attorney Graff visited Appellant at the York County Prison and told Appellant that he would obtain Appellant's mental health and medical records. Id. at 9.

Appellant testified that if he saw the Probation's Department recommendation, he would have withdrawn his open guilty plea and

4

went to trial. Id. Appellant also testified that he entered the open guilty plea knowingly and voluntarily. Id. at 10.

Attorney Graff testified that he discussed the options of taking the Commonwealth's offer, going to trial, or entering an open guilty plea with Appellant. Id. at 16. Attorney Graff testified that the PSI report stated that Appellant had bipolar. Id. at 18. Attorney Graff testified that he did review the report with Appellant before the sentencing hearing. Id. Attorney Graff testified that he never told Appellant that Appellant would receive a lesser sentence if Appellant entered into an open guilty plea. Id. at .19.

Attorney Graff testified that he never received any mental health or medical records that were released to him. Id. at 22. Attorney Graff testified that he believed the PSI report was sufficient in describing Appellant's mental health. Id.

5

## ISSUES FOR APPEAL

Whether the trial court erred in denying Appellant's PCRA motion when Appellant did not suffer from the ineffective assistance of counsel.

## DISCUSSION

The trial court did not err in denying Appellant's PCRA motion because Appellant was informed of the risks of entering into an open guilty plea and because the PSI report adequately detailed Appellant's mental health records.

Appellant argued that his inability to review the PSI report prior to the sentencing and the lack of submission of mental health documents rose to the level of ineffective assistance of counsel as a violation to his right to counsel. The Commonwealth argued that Appellant did have to time to review the PSI report, that Appellant freely entered into the open guilty plea, and that the mental health records, which Appellant cited, do not exist.

The standard for deciding ineffective assistance of counsel is as follows:

Counsel will be found to be ineffective where (1) there is arguable merit to the underlying claim; (2) the course chosen by counsel does not have a reasonable strategic basis designed to advance the defendant's interests; and (3) the error of counsel prejudiced the

6

petitioner, i.e., there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. Counsel will not be deemed ineffective for failing to raise a baseless claim.

Commonwealth v. Henke, 851 A.2d 185, 187 (Pa. Super. 2004) (internal citations omitted).

Counsel's chosen strategy lacks a reasonable basis only if an appellant proves that "'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" Commonwealth v. Spotz, 18 A.3d 244, 260 (Pa. 2011). (citation omitted). To establish the third prong, an appellant must show "that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." Id.

The petitioner "bears the burden of proving counsel's ineffectiveness." Commonwealth v. Childs, No. 928 WDA 2015, 2016 WL 2845073, at *3 (Pa. Super. Ct. May 13, 2016). The weight of the evidence "is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

7

Under the first prong of the standard for ineffective assistance of counsel, there is no arguable merit to either of Appellant's claims. Appellant insisted that he didn't get a chance to look at the PSI report until the day of sentencing. He claimed that Attorney Graff did not review the report with him, however he also could not recall if Attorney Graff had any discussion with Appellant immediately before the sentencing hearing or if Attorney Graff made any mitigating arguments on Appellant's behalf.

Attorney Graff testified that he did review the PSI report with Appellant. Attorney Graff further testified that he did not tell Appellant that an open guilty was Appellant's best course of action.

Appellant argued that Attorney Graff failed to submit the mental health records. Even if they did exist, Attorney Graff was not given any records. Regardless, the PSI report noted Appellant's mental disorders and medications.

Therefore, Appellant did not meet his burden and therefore his claims had no arguable merit.

Under the second prong, Attorney Graff faced no alternative options to pursue. Attorney Graff recommended Appellant to take the

Commonwealth's offer, but Appellant rejected it. Attorney Graff reviewed the PSI report with Appellant, who then went on to freely enter the open guilty plea. If Attorney Graff spent more time reviewing the PSI report with Appellant, there would be no potential for substantially greater success.

Attorney Graff stated he would obtain mental health records, but the records were never released to Attorney Graff. If Attorney Graff attempted to follow through with finding these records, there still would be no potential for substantially greater success.

Because of this lack of potential, Attorney Graff's courses of action were reasonable to advance Appellant's interests.

Under the third prong, there was no reasonable probability that Appellant's sentence would have changed. As stated above, Appellant had time to review the PSI report which included Appellant's mental health considerations. Appellant freely rejected the Commonwealth's offer and freely entered into the open guilty plea.

Thus, Attorney Graff made no error that rose to the level of ineffective assistance of counsel and that there was no violation of Appellant's right to counsel.

9

## CONCLUSION

In conclusion, the trial court respectfully requests that this Court affirm the Order Denying Appellant's PCRA.

Michael E. Bortner
Judge of the Court of Common Pleas

10