J-S30015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KRISTOPHER G. LAFFREDO | : | |
| Appellant | : | No. 2772 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 2, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002059-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.: **FILED OCTOBER 02, 2019**

Kristopher G. Laffredo appeals from the judgment of sentence entered following his negotiated guilty plea to Driving Under the Influence[1] ("DUI"), and Driving with a Suspended License[2]. Additionally, Laffredo's court appointed counsel[3], Joshua H. Camson, seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978

---

[1] 75 Pa.C.S.A. 3802(B)

[2] 75 Pa.C.S.A. 1543(B)(1.1)(ii)

[3] It appears from the record before us that on May 7, 2019, the lower court issued an order attempting to appoint new counsel, Joseph C. Flanagan, Jr., Esquire, to represent Laffredo. ***See*** Order, 5/7/2019. As this appeal was already before us, including Joshua H. Camson's application to withdraw as counsel, which we had yet to rule on, we find the lower court's May 7, 2019 order without effect. ***See*** Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter").

A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On August 2, 2018, Laffredo entered a negotiated guilty plea to one count of DUI and one count of driving with a suspended license. He was sentenced the same day pursuant to the terms of his negotiated plea agreement, to twelve to forty-eight months' incarceration for DUI and a concurrent term of six to twelve months' incarceration for driving with a suspended license.

At the guilty plea colloquy, Laffredo did not object to the plea agreement, or suggest in any way that his agreement to the guilty plea was not knowing, intelligent, or voluntary.

> THE COURT: All right. Do you understand that by pleading guilty and admitting to what the facts were here, that I can then treat you as having committed the crimes that are the subject of this guilty plea?
>
> KRISTOPHER LAFREDO: I do, your Honor.
>
> THE COURT: Have you had enough time to discuss your case and go over all aspects of it with Ms. Koopman, your lawyer?
>
> KRISTOPHER LAFREDO: Yes.
>
> THE COURT: Are you satisfied with her services?
>
> KRISTOPHER LAFREDO: Yes, your Honor.
>
> THE COURT: Did you sign and initial this guilty plea colloquy?
>
> KRISTOPHER LAFREDO: I did.
>
> THE COURT: Did you review it with her before you signed and initialed it?

KRISTOPHER LAFREDO: Yes.

THE COURT: Do you understand everything?

KRISTOPHER LAFREDO: Yes, sir.

THE COURT: Do you have any questions at all?

KRISTOPHER LAFREDO: No, your Honor.

THE COURT: Has anyone threatened or forced you to plead guilty?

KRISTOPHER LAFREDO: No.

THE COURT: And other than the promise contained within the plea agreement, has anyone promised you anything else to induce you to plead guilty?

KRISTOPHER LAFREDO: No, your Honor.

N.T., Guilty Plea, 8/2/2018, at 5-6. In addition, Laffredo confirmed the same averments in his written Guilty Plea Colloquy. *See* Guilty Plea Colloquy, at 6-7. No post sentence motions were filed.

On September 12, 2018 and September 14, 2018,[4] letters from Laffredo addressed to the trial judge were docketed. On September 18, 2018, the trial

_____

[4] The September 14 letter is hand dated August 29, 2018. The September 12 letter is undated, but refers to a previous letter, likely the September 14 letter, that Laffredo had sent to the trial court. Pursuant to the prisoner mailbox rule, the timeliness of a filing from an incarcerated *pro se* party is measured from the date the prisoner places the filing in the institution's mailbox. ***See Smith v. Pa. Bd. Of Prob. and Parole***, 683 A.2d 278, 281 (Pa. 1996). The letters arrived postmarked September 10, 2018. Although, this appeal seems to be facially untimely, the trial court states in its opinion that the Pennsylvania Department of Corrections advised the court in writing that all institutions were placed on lockdown between August 29, 2018 through September 11,

court issued an order directing the Clerk of Courts to forward these two letters to this Court as a notice of appeal from the judgment of sentence.

On September 24, 2018, Laffredo's court appointed counsel was terminated and the court issued an order appointing Joshua H. Camsom, Esquire to represent Laffredo. We turn first to counsel's petition to withdraw. To withdraw pursuant to *Anders*, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

An *Anders* brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

2018, which included restrictions on inmates' ability to send and receive mail. Therefore, we will deem his appeal timely filed.

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Laffredo's appeal is frivolous. Counsel attached to his petition a copy of his letter to Laffredo, advising that he may retain new counsel, raise additional issues *pro se*, or discontinue his appeal. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that Laffredo could raise, and counsel's assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has thus complied with the requirements of *Anders* and *Santiago*. Laffredo did not file a response. We may proceed to review the issues outlined in the *Anders* brief.

First, Counsel raises, "out of an abundance of caution", a potential issue regarding the voluntariness of Laffredo's guilty plea. *See* Anders Brief for Appellant, at 11. Counsel notes that although Laffredo did not raise this issue himself, he could possibly contend the trial court erred by accepting his guilty plea by alleging the plea was not knowingly, voluntarily, and intelligently entered.

- 5 -

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013).

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

**Id.**, at 609-610 (citations and internal quotation marks omitted).

Instantly, Laffredo cannot obtain review of a claim challenging his guilty plea on direct appeal because he failed to preserve it properly by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea. **See** Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, we agree with Counsel that this issue is frivolous.

Next, Counsel refers to Laffredo's claims of trial counsel ineffectiveness included in his notice of appeal. Laffredo argues trial counsel was ineffective for failing to raise alleged after-discovered evidence in this matter in a PCRA petition.

"Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." **Commonwealth v. Crosby**, 844 A.2d 1271, 1271-1272 (Pa. Super. 2004) (citation omitted). An exception is made where the trial court has held

a hearing on a claim of trial counsel ineffectiveness and the record has been fully developed on that issue. In that case, the Supreme Court has held it is appropriate for this Court to review an ineffectiveness claim on direct appeal. **See id.**, at 1272.

Instantly, Laffredo's ineffectiveness claims were first raised in his *pro se* notice of appeal. The trial court has not held a hearing on the issue and the record has not been developed. Therefore, we do not have a record from which we can review an ineffectiveness claim. We therefore agree with counsel that this claim, at this time, is frivolous. Laffredo can raise these claims on collateral review where the PCRA court will be in a position to ensure an evidentiary hearing on the claims, if necessary.

Having reviewed the issues raised in counsel's **Anders** brief, which included the issues raised by Laffredo in his *pro se* notice of appeal, we agree with counsel that the within appeal is wholly frivolous.[5] As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgement of sentence affirmed. Petition for leave to withdraw granted.

---

[5] We note our independent review of the record did not reveal any additional, non-frivolous issues for appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/19