J-S51008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARVIS MORGAN | : | |
| | : | |
| Appellant | : | No. 39 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 17, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0006132-2017

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: NOVEMBER 19, 2019**

Jarvis Morgan appeals *pro se* from the judgment of sentence entered in the Berks County Court of Common Pleas after Morgan and the Commonwealth entered into a negotiated plea agreement to possession with the intent to deliver ("PWID"). We affirm.

On December 17, 2018, Morgan entered a negotiated guilty plea to possession with the intent to deliver ("PWID") a controlled substance – Cocaine.[1] He was subsequently sentenced pursuant to the negotiated plea agreement to two to eight years' incarceration.

---

[1] Morgan was previously acquitted, following a jury trial, of a severed count of persons not to possess, use, manufacture, control, sell, or transfer firearms under the same docket number.

At a hearing on December 17, 2018, the Commonwealth and Morgan presented the trial court with an agreement whereby Morgan would enter a negotiated guilty plea to PWID and be sentenced to two to eight years' incarceration. After administering an oral colloquy to Morgan,[2] the trial court accepted the negotiated plea and proceeded immediately to sentencing. Morgan was sentenced to the agreed-upon sentence of two to eight years' incarceration. Morgan did not file post-sentence motions. This timely appeal followed.

It is well settled that when a defendant has entered a negotiated guilty plea, his "plea … amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted).

Therefore, we find at the outset that Morgan has waived appellate review of many of his issues raised on appeal, including a challenge to the weight of the evidence; a challenge to the trial court's decision to deny a motion to suppress; a claim that his right to a speedy trial under Pa.R.Crim.P.

---

[2] As part of the oral colloquy, Morgan acknowledged that he wished to plead guilty in accordance with the plea agreement, and that he understood the rights he was waiving. *See* N.T., Guilty Plea & Sentencing Hearing, 12/17/2018, at 3-5. He further acknowledged that he completed a written guilty plea colloquy, which included the agreed-upon sentence. *See id*., at 3. He agreed in both the oral and written colloquy that no one had forced him to plead guilty or threatened him to do so. *See id.*, at 5; *See also* Written Guilty Plea Colloquy, 12/17/2018, at 3.

600 was violated; a claim the trial court erred in allowing the Commonwealth to amend the information; a claim the trial court erred in allowing certain evidence to be admitted; and allegations of prosecutorial misconduct.

Morgan also alleges multiple issues of trial counsel ineffectiveness including the failure to appeal the court's denial of suppression, the failure to subpoena a witness and claims counsel forced him to plead guilty when he was reluctant to.

"Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." **Commonwealth v. Crosby**, 844 A.2d 1271, 1271-1272 (Pa. Super. 2004) (citation omitted). An exception is made where the trial court has held a hearing on a claim of trial counsel ineffectiveness and the record has been fully developed on that issue. In that case, the Supreme Court has held it is appropriate for this Court to review an ineffectiveness claim on direct appeal. **See id.**, at 1272.

Instantly, Morgan's ineffectiveness claims were first raised in his *pro se* notice of appeal. The trial court has not held a hearing on the issue and the record has not been developed at all on this issue. Therefore, we do not have a record from which we can review an ineffectiveness claim. Accordingly, any claims regarding trial counsel ineffectiveness are dismissed without prejudice. Morgan can raise these claims on collateral review where the PCRA court will be in a position to ensure an evidentiary hearing on the claims, if necessary.

Morgan next asserts a challenge to his sentence, calling the sentence "illegal and excessive." By doing so, Morgan seems to conflate the two discrete issues of, on the one hand, discretionary aspects of sentencing and, on the other, the legality of his sentence.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). Our review of a challenge to the discretionary aspects of a sentence is limited to determining whether the sentence is manifestly unreasonable, the result of partiality, bias, prejudice, ill-will, or completely lacking in support from the record. *See Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa. Super. 2010).

In contrast, a challenge to the legality of a sentence is non-waivable and may be reviewed so long as the court has jurisdiction. *See Commonwealth v. Robinson*, 931 A.2d 15, 19-20 (Pa. Super. 2007). We review challenges to the legality of a sentence *de novo* and determine whether the sentence violates controlling law. *See Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

Because Morgan agreed to a plea agreement that contained a negotiated sentence, his ability to raise a challenge to the discretionary aspects of his sentence is severely limited.

> It is well settled when the plea agreement contains a negotiated
> sentence which is accepted and imposed by the sentencing court,

there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

*Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation and formatting omitted)

Here, Morgan negotiated the terms of his guilty plea, including the specific duration of the sentence with which he now takes issue. After accepting his plea, the trial court sentenced him to the agreed-upon sentence. Morgan did not challenge the validity of the plea proceedings or move to withdraw his plea. Thus, he received precisely the sentence for which he bargained, and cannot challenge the discretionary aspects of that sentence. *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (dismissing Appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under the terms of her negotiated plea agreement); *see also Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms … the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea"). Accordingly, we find this issue merits no relief.

As far as Morgan attempts to raise a challenge to the legality of his plea, although this issue would be properly before us, we find this claim waived as he did not develop this issue at all in the argument section of his brief.[3] ***See Commonwealth v. Williams***, 732 A.2d 1167, 1175 (Pa. 1999) (noting that relief is unavailable based upon undeveloped claims for which insufficient arguments are presented on appeal); ***Commonwealth v. Delligatti***, 538 A.2d 34, 41 (Pa. Super. 1988) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof").

Finally, Morgan raises a challenge to the voluntariness of his guilty plea.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Instantly, Morgan cannot obtain review of a claim challenging his guilty plea on direct appeal because he failed to preserve it properly by either

---

[3] While we cannot discern the exact nature of Morgan's argument, we note that the maximum permissible sentence for the offense of PWID – Cocaine is ten years' imprisonment. ***See*** 35 P.S. § 780-113(f)(1.1). Therefore, Morgan's negotiated sentence of two to eight years' imprisonment was clearly authorized by statute and well within the statutory limits.

- 6 -

objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea. **See** Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, we decline to review a challenge to the validity of Morgan's plea.[4]

As all of Morgan's issues on appeal are either waived, or do not merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

_____

[4] Even if we did not find the issue waived, we note the issue is without merit. In so far as Morgan claims he was forced to plead guilty, and therefore lied during his guilty plea colloquy, we have held,

> [o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> \*     \*     \*
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> \*     \*     \*
>
> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

**Commonwealth v. Pollard**, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/19/2019</u>