J-S34002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO MORANCY | : | |
| | : | |
| Appellant | : | No. 129 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 9, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002842-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED SEPTEMBER 15, 2020**

Appellant, Mario Morancy, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas on December 9, 2019, following his *nolo contendere* plea to third-degree murder and attempted homicide. Additionally, Morancy's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

Morancy was charged with criminal homicide, first-degree murder, third-degree murder, four counts of aggravated assault, attempted homicide, burglary, criminal trespass, and possessing instruments of crime. These charges arose from an incident on May 7, 2017 in which Morancy discharged a shotgun multiple times at two brothers. One brother died as a result of his injuries, and the other brother sustained serious bodily injury.

On December 9, 2019, Morancy entered an open *nolo contendere* plea to third-degree murder and attempted homicide.[1] All other charges were dismissed. Morancy was sentenced the same day to an aggregate term of thirty to sixty years' incarceration.

Morancy filed a timely post-sentence motion seeking to withdraw his plea. The trial court denied the motion without a hearing.

On January 16, 2020, trial counsel filed a timely notice of appeal along with a motion to withdraw as counsel. The trial court granted trial counsel leave to withdraw and appointed Catherine Nadirov, Esquire to represent Morancy on direct appeal.[2]

Subsequently, Attorney Nadirov filed an **Anders** brief and a petition to withdraw as counsel with this Court. In her **Anders** brief, Attorney Nadirov raises the following issue on appeal: "Did the trial court err in denying the post sentence motion to withdraw the no contest plea?" **Anders** Brief, at 7.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel

---

[1] The court agreed to an open plea, with further agreement to enter the plea as guilty but mentally ill.

[2] On February 7, 2020, our Court granted the petition to withdraw and directed Attorney Nadirov to enter her appearance within ten days.

- 2 -

or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). With respect to the third requirement of ***Anders***, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

> An ***Anders*** brief must comply with the following requirements:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has complied with the preliminary requirements set forth in ***Anders***. Attorney Nadirov filed a petition to withdraw, certifying she has reviewed the case and determined that Morancy's appeal is frivolous. Further, Attorney Nadirov attached to her petition a copy of her letter to Morancy advising him of his rights, including his immediate right to proceed

*pro se* and/or right to hire private counsel. Attorney Nadirov also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Morancy, and her assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has thus complied with the requirements of **Anders**, and Morancy did not file a response. As such, we proceed to a review of the issue outlined in the **Anders** brief.

In her **Anders** brief, Attorney Nadirov raises a potential issue regarding the voluntariness of Morancy's *nolo contendere* plea. **See Anders** Brief, at 7. Attorney Nadirov notes that Morancy contends that his *nolo contendere* plea was not knowing, intelligent and voluntary. Specifically, he believes he was "tricked" by his trial counsel into entering the plea, amounting to a "manifest injustice". **Id.**, at 10.

Initially, for purposes of review, a plea of *nolo contendere* is treated the same as a guilty plea. **See Commonwealth v. Lewis**, 791 A.2d 1227, 1230 (Pa. Super. 2002).

The decision to allow a defendant to withdraw their guilty plea post-sentence is a matter that rests within the sound discretion of the trial court. **See Commonwealth v. Muhammad**, 794 A.2d 378, 382-383 (Pa. Super. 2002). Further, a request to withdraw a guilty plea made after sentencing is subject to a higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa. Super. 2002) (citation omitted). Therefore, in order to withdraw

- 4 -

a plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." **Id**. (citation omitted). A defendant meets this burden only if he can demonstrate that his plea was entered involuntarily, unknowingly, or unintelligently. **See Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999).

Moreover, once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. **See id**., at 790. Consequently, defendants are bound by statements they make at their plea colloquy and may not successfully assert any claims that contradict those statements. **See Muhammad**, 794 A.2d at 384.

A review of the certified record amply supports the trial court's conclusion that Morancy was not entitled to withdraw his plea. As noted by Attorney Nadirov, Morancy contends that his *nolo contendere* plea was not knowing, intelligent and voluntary and that he believes he was "tricked" by his plea counsel into entering the plea, amounting to a "manifest injustice". **See Anders** Brief, at 10.

These allegations are belied by the record. Prior to the guilty plea hearing, Morancy completed a written plea colloquy, wherein he affirmed he understood the rights he was giving up and the nature of the offenses to which he was pleading, and that the factual basis of his plea was in the affidavit of probable cause. **See** Guilty Plea Colloquy, 12/9/2019, at 2. He further

admitted that he was entering his plea voluntarily and without coercion, and that he was satisfied with the services of his plea counsel. *See id.*, at 3.

During the oral guilty plea colloquy, Morancy again acknowledged his understanding of the rights he was giving up and stated he truthfully answered the questions in the written colloquy. *See* N.T., Guilty Plea, 12/9/2019, at 4-6. Of most importance to the appeal at hand, Morancy again affirmed that he was satisfied with the services of his plea counsel. *See id.*, at 6.

In light of the comprehensive written and oral plea colloquy, which Morancy fully and willingly completed, we find no manifest injustice to support his claim that his plea was in any manner unknowingly, involuntarily, or unintelligently given. Further, as Morancy's arguments listed in his post-sentence motion are contradicted by his sworn statements before the trial court, they cannot support a finding of manifest injustice. As a result, Morancy is due no relief on appeal.

After an independent review of the record, we note that Morancy could potentially raise a claim of ineffective assistance of plea counsel, as plea counsel cited this as the basis for his withdrawal from representation. Such a claim, however, could only properly be brought on collateral review.

"Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." *Commonwealth v. Crosby*, 844 A.2d 1271, 1271-1272 (Pa. Super. 2004). An exception is made where the trial court has held a hearing on a

claim of trial counsel ineffectiveness and the record has been fully developed on that issue. In that case, the Supreme Court has held it is appropriate for this Court to review an ineffectiveness claim on direct appeal. **See id.**, at 1272.

Here, the trial court has not held a hearing on the issue and the record has not been developed at all on this issue. Therefore, we do not have a record upon which we can review an ineffectiveness claim. Accordingly, a claim regarding plea counsel ineffectiveness would be dismissed without prejudice. Morancy can raise this claim on collateral review where the PCRA court will be in a position to hold an evidentiary hearing on the claim, if necessary.

Having reviewed the issues raised in counsel's **Anders** brief, and after conducting our own independent review of the record, we agree with counsel that the within appeal is wholly frivolous.[3]  As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

_____

[3] We note our independent review of the record did not reveal any additional non-frivolous issues for appeal.

Judgment of sentence affirmed. Petition for leave to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2020