J-S19034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVONNE T. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 250 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000032-2018

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JULY 13, 2021**

Lavonne T. Williams (Williams) appeals the judgment of sentence entered by the Court of Common Pleas of Washington County (trial court). Following a jury trial, Williams was convicted of several drug and firearm related offenses.  He was sentenced to an aggregate prison term of 16 to 32 years.  Williams' appellate counsel has filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and petitioned this Court to withdraw from the case.  Williams responded that the petition to withdraw should be denied because his counsel failed to brief issues which would arguably support an appeal.  Upon our review of the record and the applicable law, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

In June 2017, police began investigating the fatal drug overdose of a woman who had purchased heroin at the Jollick Manor apartment complex from a dealer named "Bo" who could be reached by phone at the number (724) 731-8977. Using that number, police arranged two controlled buys with a confidential informant, both times from the individual referred to as "Bo." In all, police purchased ten bags of heroin from him. Before and after the transactions, this person was seen going in and out of Unit 171 at the complex.

This information was used to obtain a search warrant at that address and the search was executed on June 9, 2017. The individuals who were present in the home at the time of the search included Christine Fedd, the lessee, Thomas Ford, their two children, Nahje Patterson, and Williams, who was later identified as the "Bo" who had sold drugs in the controlled buys.

During the search, police recovered several items that suggested the home was being used for drug sales. Specifically, police found digital scales, large amount of cash, two operable firearms, ammunition, heroin, cocaine, marijuana and crushed pills. Both firearms were found inside one of two safes in the apartment, and one of those firearms had an obliterated serial number. A wallet containing Williams' identification was also found in that same safe, which had been kept in the living room closet.

The police linked documents found in the apartment directly to Williams. A Western Union receipt was found hidden in one of the safes, and Williams'

name appeared on it as the "sender/remitter" who could be reached at the phone number, (724) 731-8977. In fact, when speaking to officers during the search, Williams stated that this same number could be used to call him on his personal cell phone.

One of the residents of 171 Jollick Manor, Thomas Ford, admitted to police that he had been using the residence to sell heroin, cocaine and other drugs. Ford claimed that one of the safes kept in the closet of the apartment's living room belonged to Williams. The lessee of the apartment, Christine Fedd, also claimed that Williams' and his family had stayed in her living room for a few months prior to the search. Fedd corroborated Ford's claim that the safe kept in the living room closet belonged to Williams.

Detectives testified at trial that the items seized from the apartment were consistent with the home being used for narcotics sales and an intent to deliver drugs. There was little evidence of drug usage in the home, and the weight scales, packaging materials, firearms, cash and large drug quantities were all common means of high-scale drug distribution.

All of the suspected controlled substance seized in the home except for the marijuana were sent to a crime laboratory, where testing confirmed that the seized substances included cocaine, alprazolam, crack cocaine, fentanyl and heroin. The defense did not object to the identification of any of those substances at trial by the Commonwealth's expert. Nor did the defense object

when a detective explained at trial that it was unnecessary to lab test the marijuana because it could be identified by its smell and texture alone.

The day of the search, on June 9, 2017, a criminal complaint was filed against Williams. It included two counts of possession with the intent to deliver a controlled substance; two counts of possession of a controlled substance, two counts of possession of a firearm by a prohibited person; and one count of possession of a firearm with an altered manufacturer number.

The Commonwealth filed a bill of information against Williams on February 22, 2018. An amended information was filed on March 9, 2018, containing essentially the same counts as the initial criminal complaint.

On March 6, 2018, Williams was scheduled for plea court on April 3, 2018. However, defense counsel requested a continuance and plea court was rescheduled for May 29, 2018. Williams filed an omnibus pretrial motion on April 16, 2018, and a hearing was scheduled for August 13, 2018.

On August 2, 2018, Williams' defense counsel sought a continuance of the omnibus pretrial motion hearing and a continuance was granted. However, on August 23, 2018, Williams' counsel withdrew and new counsel was appointed to represent him. Another continuance was granted at the defense's request, and the hearing was again delayed until September 21, 2018.

On September 18, 2018, the Commonwealth amended the bill of information to more accurately reflect the results of lab testing of the

controlled substances. At the hearing on the omnibus pretrial motion, the trial court denied Williams' motion for a writ of habeas corpus and a motion to suppress the evidence obtained from the search of 171 Jollick Manor. As to the suppression motion, Williams' counsel conceded it had no merit. Plea court was rescheduled for October 30, 2018.

On that latter date, Williams declined to enter a guilty plea and instead requested a jury trial in the January 2019 trial term. On December 13, 2018, the Commonwealth filed a request for discovery, and on December 18, 2018, the Commonwealth filed a motion *in limine* to include evidence of prior bad acts at trial pursuant to Pa.R.E. 404(b), and the motion was granted following oral argument on January 2, 2019.

On January 3, 2019, Williams' counsel moved to withdraw from the case and the motion was granted. That same day, a new attorney was appointed to represent Williams and trial was rescheduled for March 18, 2019. The trial was again delayed on March 6, 2019, due to the trial court's unavailability, moving the trial date to the April 2019 term. On April 5, 2019, Williams' counsel filed on his behalf a motion to dismiss the case pursuant to Pa.R.C.P. 600, which the trial court denied on April 8, 2019.

Williams' trial began on April 11, 2019. The next day, once the trial had concluded, Williams was found guilty of eight of nine counts.[1] He was sentenced within the standard range of the statutory guidelines on each of those counts as follows:

- (Count 1) possession with intent to deliver a controlled substance, heroin, 35 P.S. § 780-113(a)(30), 3 to 6 years;

- (Count 3) possession with intent to deliver a controlled substance, fentanyl, 35 P.S. § 780-113(a)(30) 3 to 6 years, consecutive to the term imposed for Count 1;

- (Count 4) possession of a controlled substance, alprazolam, 35 P.S. § 780-113(a)(16), 1 to 2 years, concurrent to the terms imposed for Counts 1 and 3;

- (Count 5) possession of a controlled substance, cocaine, 35 P.S. § 780-113(a)(16), 1 to 2 years, concurrent to the sentences imposed for Counts 1, 3, and 4;

- (Count 6) possession of a controlled substance, marijuana, 35 P.S. § 780-113(a)(16), 1 to 2 years, concurrent to the sentences imposed for Counts 1, 3, 4, and 5;

- (Count 7) person not to possess a firearm, 18 Pa.C.S. § 6105(a)(1), 5 to 10 years consecutive to the sentences imposed for Counts 1 and 3;

- (Count 8) person not to possess a firearm, 18 Pa.C.S. § 6105(a)(1), 5 to 10 years, concurrent to the terms imposed for Counts 1, 3, 4, 5, 6, and 7; and

- (Count 9) possession of a firearm with an altered manufacturer's number, 18 Pa.C.S. § 6117, 5 to 10 years, consecutive to the terms imposed for Counts 1, 3, and 7.

---

[1] The jury acquitted Williams of one count of possession with intent to deliver cocaine.

The trial court summarized its sentencing considerations, including "Pennsylvania's sentencing guidelines, the presentence investigation report . . ., the rehabilitative needs of [Williams], the particular circumstances and gravity of the offense, and the impact on the community[.]" Sentencing Transcript, 9/23/2019, at pp. 14-15. The trial court took special note of Williams' extensive criminal history and status as a repeat criminal offender.

A timely post-sentence motion was filed on Williams' behalf challenging the sufficiency and weight of the evidence and the aggregate length of the sentence on grounds of excessiveness. The post-sentence motion was denied in its entirety.

Williams timely appealed, and as discussed above, his counsel filed an *Anders* brief, as well as a petition to withdraw from the case on the grounds that there were no issues of arguable merit to raise on appeal. Disputing his counsel's petition, Williams contended in his *pro se* reply to counsel's *Anders* brief that there were, in fact, several meritorious appellate issues that should preclude counsel's withdrawal from the case.

The two issues Williams' appellate counsel listed in the *Anders* brief as having arguable merit concerned the sufficiency of the evidence as to all of Williams' convictions and the length of the aggregate sentence. Williams has responded, however, that several additional issues have arguable merit:

- The jury was instructed that he could be found guilty of the drug possession counts if he was part of a conspiracy, despite that he was not charged with conspiracy and he had no co-defendants;

- The prosecutor misled the jury by stating that the substances police obtained, including marijuana, were indisputably illegal, despite that the marijuana had not been lab tested;

- The prosecutor inflamed the passions of the jury by stating that Williams was involved in a fatal overdose, despite that the incident was unrelated to the charged offenses;

- The trial court erred in denying his motion to suppress the incriminating contents of a safe which were obtained pursuant to a residential search;

- The trial court erred in denying Williams' motion to dismiss based on the prompt trial provisions of Pa.R.Crim.P. 600.

*See* Reply to *Anders* Brief, 5/14/2021, at Paragraphs 5-10.[2]

## II.

When an *Anders* brief is filed and accompanied by a petition to withdraw, we may not review the merits of the underlying issues unless counsel has met all the procedural requirements for withdrawal. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007). The *Anders* brief accompanying the petition must:

(1) provide a summary of the procedural history and facts, with citations to the record;

---

[2] Williams also appears to raise a claim of ineffective assistance of counsel based on counsel's reference in the *Anders* brief to "three guns," despite that only two firearms were introduced into evidence at trial. *See Anders* Brief, at p. 31. It is not clear why Williams believes that this reference could have had any bearing on his case, but regardless, claims of ineffectiveness must be raised at the post-conviction stage, not on direct appeal. *See Commonwealth v. Crosby*, 844 A.2d 1271, 1272 (Pa. Super. 2004).

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel must also provide a copy of the *Anders* brief to her client. Along with the brief, counsel must attach a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see also Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court may then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Williams' appellate counsel has submitted an *Anders* brief that substantially complies with the above-stated requirements. Her submission includes a summary of the relevant factual and procedural history, refers to portions of the record that could arguably support an appeal, and sets forth

her conclusion that Williams' appeal is frivolous. She also explains her reasons for reaching that determination and supports her rationale with references to the record. *See Anders* Brief, at 29-31.

Moreover, counsel states in her petition to withdraw that she has supplied Williams with a copy of the *Anders* brief, and she attached a letter directed to Williams in which she informs him of his appellate rights. Thus, the technical requirements for withdrawal have been met.

## III.

We will now independently review the record to determine if Williams' issues are arguably meritorious and to ascertain if there are any other non-frivolous claims he could pursue on appeal. The two issues raised in counsel's *Anders* brief concern the sufficiency of the evidence and the alleged excessiveness of the sentence. Williams seems to concede in his *pro se* reply to the *Anders* brief that the sufficiency ground has no merit.[3] It is, therefore, unnecessary for this Court to comprehensively address the sufficiency of the evidence as to all of Williams' convictions.[4]

---

[3] Williams stated in his *pro se* reply that his counsel had raised two issues in the *Anders* brief, and that he found "the only viable claim raised was the excessiveness of the sentence[.]" Reply to *Anders* Brief, at Paragraph 3.

[4] To the extent Williams does challenge the sufficiency of the evidence, we adopt the sound reasoning of the trial court and the abundant record evidence cited in its discussion of that issue. *See* 1925(a) Opinion, 4/9/2020, at 23-33.

However, because Williams asserts in his reply that the excessiveness claim is a viable issue of arguable merit, we will address it here.

An excessive sentence claim is a challenge of a discretionary aspect of sentencing which does not entitle an appellant to review as of right. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016); *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015). A substantial question only exists where an appellant has presented a "colorable argument that the trial judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).

Bald claims of excessiveness, including those based on the imposition of a consecutive term, usually do not raise a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1269-70 (Pa. Super. 2013). "[T]he imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012).

An appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Williams has satisfied the first requirement by timely filing a notice of appeal. He satisfied the second requirement by seeking reconsideration of his sentence in a post-sentence motion. Although neither Williams nor his counsel included a statement pursuant to Pa.R.A.P. 2119(f) outlining the discretionary aspects of the sentence in dispute, this Court may still review the claim where counsel has filed an *Anders* brief. *See Commonwealth v. Lilley*, 978 A.2d 995 (Pa. Super. 2009). Accordingly, we do not consider the failure to submit a Rule 2119(f) statement as precluding review of whether Williams' excessiveness claim is non-frivolous.

The sentencing issue nevertheless lacks arguable merit because a substantial question has not been presented. Williams' counsel argued in the *Anders* brief that the sentence is excessive because Williams received consecutive, rather than concurrent, terms on Counts 1 and 3. Williams, in turn, argued in his *pro se* reply that the sentence is excessive because the trial court took into consideration the fatal overdose of an unidentified individual at the Jollick Manor apartment complex.

Both assertions are bald, undeveloped claims of excessiveness that do not raise a substantial question. Merely stating that sentencing terms should

have been concurrent rather than consecutive, without more, is insufficient. Further, Williams' ground for excessiveness finds no support in the record, as there is no indication that the overdose referred to offhand by a prosecution witness was ever a sentencing consideration of the trial court.

Even if this excessiveness issue were preserved or otherwise reviewable on direct appeal, it would be of no avail because the record does not establish any issue of arguable merit with respect to the sentence. A sentence may not be disturbed on appeal unless it is shown that the trial court committed a "manifest abuse of discretion." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). To obtain relief, "the appellant must establish, by reference to the record, that the sentencing court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id***.; ***see also Caldwell***, 117 A.3d at 770 (same).

Williams and his counsel have failed to cite any instance in the record that would arguably support a claim that the trial court abused its discretion at sentencing. Further, our independent review of the record in this case reveals no indication that the trial court abused its discretion when imposing sentence. Thus, the excessive sentence claims raised by Williams and counsel are frivolous.

**IV.**

We now turn to the additional issues Williams raised in his reply to counsel's **Anders** brief.

**A.**

Williams argues first that the trial court erred in instructing the jury that he could be found in constructive possession of the subject contraband if he was part of a conspiracy, despite that he had no co-defendants and he was not charged with any conspiracy counts.

When charging the jury on the elements of constructive possession, the trial court stated in part that "a defendant may be found guilty of possession for an item that he or she did not personally hold if it is proved that the defendant was part of a conspiracy, another conspirator knowingly possessed drugs, or that the possession occurred while the conspiracy was in existence and in furtherance of the conspiracy." Trial Transcript, 4/12/2019, at p. 444.

"[I]t is axiomatic that issues are preserved when objections are made timely to the error or offense." **Commonwealth v. Baumhammers**, 960 A.2d 59, 60 (Pa. 2008). A "failure to offer a timely and specific objection results in a waiver" of the claim. **Commonwealth v. Bruce**, 916 A.2d 657, 671 (Pa. Super. 2007). "No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C); **see also Commonwealth v. Knight**, 241 A.3d 620, 634 (Pa. 2020).

Here, Williams did not challenge the trial court's jury charge or the verdict slip before the jury retired to deliberate. In fact, the above instruction mirrors the instruction proposed by defense counsel, so any error therein would have been clearly waived and unpreserved for appellate review.

Even if the issue were preserved, it has no arguable merit because the trial court read an accurate and valid instruction on the possession offenses. The Commonwealth does not need to specifically allege a count of conspiracy in order for a defendant to be found in constructive possession of contraband. The evidence in the record supports the jury's conclusion that Williams constructively possessed controlled substances and firearms kept in the home of Thomas Ford, who admitted that he and Williams sold drugs in the residence. For all of these reasons, the claim lacks arguable merit.

**B.**

Next, Williams contends that his counsel overlooked an arguably meritorious issue concerning the prosecutor's statement to the jury that one of the substances recovered from his home was indisputably marijuana, despite that it had never been lab tested.

Williams' trial counsel did not object to this comment or otherwise dispute the identity of the substance as marijuana. The claim was, therefore, waived for purposes of direct appeal and the issue has no arguable merit that would preclude Williams' appellate counsel from withdrawing from the case. *See Bruce*, 916 A.2d at 671.

- 15 -

**C.**

Another instance of an improper comment Williams raises is a Commonwealth witness's reference to a fatal overdose of an unidentified individual. When discussing why the police began investigating drug trafficking in the Jollick Manor apartment complex, an officer testified that they discovered that an overdose victim had purchased narcotics at that location in 2017. *See* Trial Transcript, 4/11/2019, at pp. 35-43. The victim had called a telephone number of a resident of Jollick Manor, a man identified as "Bo."

This fact gave context to the controlled drug buy which would eventually support the search warrant for 171 Jollick Manor. The execution of that search warrant and the items recovered pursuant to the search later implicated Williams and resulted in his arrest.

Williams argues that the reference to the overdose was so irrelevant and inflammatory that it warrants a new trial. Yet, again, Williams' trial counsel did not object to this comment or otherwise preserve the issue for appellate review, so the issue is waived for purposes of direct appeal and the issue has no arguable merit.

**D.**

The evidence suppression issue Williams raises is also waived, in addition to being frivolous. Prior to trial, Williams' counsel sought to exclude from trial the incriminating contents of a safe which were obtained pursuant

to a search warrant for 171 Jollick Manor. However, Williams later conceded at a pre-trial hearing that the grounds for suppression were frivolous because he did not reside at that address. *See* Hearing Transcript, 9/21/2018, at pp. 3-5. As such, he had no standing to assert a violation of a constitutional right to privacy, and the contents of the safe were admissible at Williams' trial. *See id*. Thus, this suppression issue has no arguable merit.

**E.**

Williams' final issue is that the trial court erred in denying his motion to dismiss the case on prompt trial grounds. While this claim is preserved for review, the record establishes that it is wholly without merit.

The prompt trial provisions of Pa.R.Crim.P. 600 require a defendant to be brought to trial within 365 days of the filing of a complaint against him. However, that period is subject to the computational provisions of the rule. "[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which the trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

The Commonwealth filed a criminal complaint against Williams on June 26, 2017. For present purposes, then, one year from that point (June 26, 2018) became the "technical run date" on which Williams had to be tried.

However, the defense was granted continuances that delayed the proceedings from October 18, 2017, to November 1, 2017 (15 days); April 3, 2018 to August 13, 2018 (133 days); September 12, 2018, to September 21, 2018 (10 days); October 30, 2018, to March 18, 2019 (140 days).

Accordingly, a total of 298 days of delay are attributable to the defense. This resulted in an adjusted run date of April 20, 2019. Williams' trial began *prior* to that date, on April 11, 2019. Accordingly, the prompt trial ground raised in Williams' reply has no arguable merit.

In sum, both Williams and his counsel have failed to present an arguably meritorious issue. Further, after completing our own independent review of the record, this Court is unable to identify any non-frivolous grounds for appellate relief. Thus, Williams' counsel may withdraw from the case, and the judgment of sentence must be upheld.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/13/2021