J-S22012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRENT JAMES KILGUS | : | |
| | : | |
| Appellant | : | No. 1025 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 8, 2020
In the Court of Common Pleas of Montour County
Criminal Division at No(s):  CP-47-CR-0000135-2018

BEFORE:   PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:              **FILED: OCTOBER 22, 2021**

Brent James Kilgus ("Appellant") appeals from the judgment of sentence entered in the Montour County Court of Common Pleas on July 8, 2020. Additionally, Appellant's court-appointed counsel seeks to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

Appellant was charged with various crimes arising from allegations that he had, over a year-long period, sexually assaulted a family member who was under the age of nine at the relevant times. On February 12, 2020, a jury found Appellant guilty of rape of a child, statutory sexual assault, aggravated

---

[*] Retired Senior Judge assigned to the Superior Court.

indecent assault of a child, corruption of minors, and indecent assault of a child.[1]

On July 8, 2020, Appellant was sentenced to 120 to 240 months' incarceration, plus three years' probation for rape of a child, 60 to 120 months' incarceration for aggravated indecent assault, 12 to 24 months' incarceration for corruption of minors, and 9 to 18 months' incarceration for indecent assault of a child. The count for statutory sexual assault merged with the count for rape of child for purposes of sentencing.

On August 6, 2020, Appellant filed a *pro se* notice of appeal. As we found private counsel was still listed as attorney of record, we docketed counsel as appellate counsel and issued a docketing statement to complete pursuant to Pa.R.A.P. 3517 and requested a concise statement be filed pursuant to Pa.R.A.P. 1925(b).

On August 27, 2020, Appellant filed a *pro se* concise statement, in which he raised the following issues: (1) the victim did not testify in the courtroom but rather over video, (2) there was no proof of penetration provided during trial, and (3) a doctor's report that had been made regarding Appellant had not been provided during trial.

---

[1] 18 Pa.C.S.A. § 3121(c), 18 Pa.C.S.A. § 3122.1(b), 18 Pa.C.S.A. § 3125(a)(7), 18 Pa.C.S.A. § 6301(a)(1)(ii), and 18 Pa.C.S.A. § 3126(a)(7), respectively.

On September 3, 2020, we entered an order finding Appellant had failed to file a timely docketing statement, and directing a docketing statement be filed by October 5, 2020. Again, service of this request was made on counsel of record.

On October 20, 2020, due to counsel's continued failure to file a docketing statement on behalf of Appellant, we remanded to the trial court for a determination of abandonment. An abandonment hearing was held on November 12, 2020, during which trial counsel testified that he had informed Appellant that he did not believe there were grounds for an appeal and Appellant never directed him to file an appeal. Trial counsel testified that he did not hear back from Appellant and only later found out that Appellant had filed the *pro se* notice of appeal. The trial court found trial counsel's testimony credible and found there had been no abandonment. However, since Appellant was unable to continue to retain private counsel, the trial court appointed a public defender to represent Appellant on appeal.

Conflict counsel was subsequently appointed and filed a docketing statement on Appellant's behalf. Counsel later filed an ***Anders*** brief. On March 11, 2021, we entered an order striking the ***Anders*** brief based on counsel's failure to file an application to withdraw as counsel. We directed counsel to file either an advocate's brief or an application to withdraw along with an ***Anders*** brief that complied with all of the procedural and substantive requirements of ***Anders***.

Counsel proceeded to file a petition to withdraw and an accompanying *Anders* brief. However, after review, we found the brief failed to comply with the procedural requirements of *Anders*, as the summary of the factual and procedural history did not contain citation to the record and counsel did not provide any argument or pertinent authority related to the issues. We therefore entered another order striking the *Anders* brief and directed counsel again to file a brief that complies with the requirements of *Anders*.

Counsel subsequently filed the instant *Anders* brief and re-filed his petition to withdraw.

We turn first to counsel's petition to withdraw. To withdraw pursuant to *Anders*, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

An *Anders* brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has complied with the preliminary requirements set forth in *Anders*. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined Appellant's appeal is frivolous. Further, counsel attached to his petition a copy of his letter to Appellant advising him of his rights. Counsel also filed a brief, which includes a summary of the history and facts of the case, with citation to the record, potential issues that could be raised by Appellant, and his assessment of why those issues are meritless. Counsel has thus complied with the requirements of *Anders*.[2] As of this date,

_____

[2] We note that counsel met the bare minimum requirements of *Anders* in order to move forward with our review. As this is counsel's third attempt at a compliant *Anders* brief, the circumstances are somewhat troubling. Although the brief does include a few instances of citation to legal authority, the citations are admittedly sparse. Similarly, while the brief includes an argument section, the part devoted to facts in support of Appellant's issues, or at the very least supporting a neutral take on Appellant's issues, is also limited. However, the brief is sufficient to allow us to review the issues Appellant wished to raise.

Appellant has not filed a response. We proceed to review the issues outlined in the **Anders** brief.

In his first issue, Appellant argues the trial court erred in allowing the minor victim to testify by video rather than in the courtroom. Section 5985 of the Judicial Code governs testimony by a contemporaneous alternative method:

> **(a) Contemporaneous alternative method.**—Subject to subsection (a.1), in any prosecution or adjudication involving a child victim [ ], the court may order that the testimony of the child victim [ ] be taken under oath or affirmation in a room other than the courtroom and transmitted by a contemporaneous alternative method. Only the attorneys for the defendant and for the Commonwealth, the court reporter, the judge, persons necessary to operate the equipment and any person whose presence would contribute to the welfare and well-being of the child victim [ ], including persons designated under section 5983 (relating to rights and services), may be present in the room with the child during his testimony. The court shall permit the defendant to observe and hear the testimony of the child victim [ ] but shall ensure that the child cannot hear or see the defendant. The court shall make certain that the defendant and defense counsel have adequate opportunity to communicate for the purposes of providing an effective defense. Examination and cross-examination of the child victim [ ] shall proceed in the same manner as normally permitted.
>
> **(a.1) Determination.**—Before the court orders the child victim [ ] to testify by a contemporaneous alternative method, the court must determine, based on evidence presented to it, that testifying either in an open forum in the presence and full view of the finder of fact or in the defendant's presence will result in the child victim [ ] suffering serious emotional distress that would substantially impair the child victim's [ ] ability to reasonably communicate. In making this determination, the court may do all of the following:
>
>     (1) Observe and question the child victim [ ], either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim [ ] in a medical or therapeutic setting.

42 Pa.C.S.A. § 5985(a), (a.1).

We have previously noted that "[f]ew published decisions address § 5985, and those that do have not announced a standard for reviewing the trial court's decision." **Commonwealth v. Hudson-Greenly**, 247 A.3d 21, 25 (Pa. Super. 2021) (citing **Commonwealth v. Tyrrell**, 177 A.3d 947, 952 (Pa. Super. 2018)). In line with these other cases, we will employ the principles of statutory construction to determine whether the Commonwealth complied with the explicit terms of Section 5985. **See id**.; **see also Commonwealth v. Torres–Kuilan**, 156 A.3d 1229, 1231-32 (Pa. Super. 2017).

Preliminarily, we note Appellant failed to raise an objection to the contemporaneous hearing at any point during the hearing or during trial. Because the issue was not preserved with a timely objection, it is waived. **See** Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). In fact, Appellant not only failed to raise an objection to the contemporaneous hearing, but also acquiesced, through counsel, to the victim/witness coordinator sitting next to the victim during the video testimony when the victim found it difficult to testify even under the alternative circumstances. **See** N.T., 2/11/2020, at 39-40.

However, even if not waived, we find the issue is without merit. Following a careful review of the record, we find no error on the part of the

trial court in permitting the victim to testify via video, as the Commonwealth met its burden pursuant to Section 5985.

A hearing was held on February 6, 2020, to determine whether the victim should be permitted to testify via a contemporaneous alternative method. At the hearing, the Commonwealth presented the expert testimony of Sarah Jefferson, a licensed clinical social worker who works specifically with children and adults who have experienced trauma. **See** N.T., 2/6/2020, at 28-33. Jefferson testified that she completed a screening on the victim, and that the victim's results from that screening were significant for anger, post-traumatic stress and dissociation, which likely would impact her ability to testify in front of the jury and Appellant, and would compound her trauma and lead to a heightened fear response. **See id**. at 33-41.

Based on the foregoing, the trial court did not err in crediting Jefferson's testimony and thereby concluding the "testimony by the alleged victim in full view of the Finder of Fact or the [appellant's] presence will result in her suffering serious emotional distress that would substantially impair her ability to reasonably communicate." **Id**. at 43; **see also** Order of Court, 2/7/2020. The trial court based its decision on what it heard from the victim's therapist as it was required to do under Section 5985. Such testimony supports a finding that Appellant's presence would have caused serious emotional distress and impaired the victim's ability to communicate in the courtroom. Accordingly, this issue is without merit.

Next, Appellant argues there was no proof of penetration provided at trial. We construe such an argument to be a challenge to the sufficiency of the evidence.

We review such claims through a deferential lens:

> We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citations omitted).

A person is guilty of rape of a child, "when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3121(c). Likewise, in relevant part, a person is guilty of involuntary statutory sexual assault "when that person engages in sexual intercourse with a complainant under the age of 16 years ..." 18 Pa.C.S.A. § 3122.1(b). Sexual intercourse is defined as "intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101. Finally, a person is guilty of aggravated indecent assault of a child when that person "engages in penetration, however slight, of the genitals … of a complainant." 18 Pa.C.S.A. § 3125(a)(7).

The Commonwealth was not required to present any forensic evidence or physical evidence of penetration. *See Commonwealth v. Gibson*, 951 A.2d 1110, 1140 (2008) (there is no constitutional requirement for the police to conduct a forensic analysis of evidence). Like any element of an offense, penetration can be proven with circumstantial evidence. *See Commonwealth v. Wall*, 953 A.2d 581, 584 (Pa. Super. 2008).

It is well-established in Pennsylvania that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999); *see also Commonwealth v. Trimble*, 615 A.2d 48, 50 (Pa. 1992) (the testimony of child victim alone is sufficient to support conviction for sex offenses).

Here, the record evidence contradicts Appellant's bald claim that no evidence of penetration was presented. Rather, the victim unequivocally testified that on more than one occasion, Appellant penetrated her vagina with his penis, tongue, and finger. *See* N.T., 2/11/2020, at 50-52. Therefore, there was sufficient evidence for the jury to find the element of penetration.

Finally, Appellant argues that it was an error for a report created by Dr. Gerald Cooke, Ph.D., a forensic psychologist, to not be provided on his behalf at trial. To the extent Appellant is challenging the trial court's decision to not consider the report, we find the record is devoid of any attempt to admit the report into evidence for trial and therefore find that claim is waived. *See*

Pa.R.A.P. 302. If, on the other hand, Appellant is claiming ineffective assistance of trial counsel for not presenting this report on his behalf, such a claim is properly preserved for collateral review.

"Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." **Commonwealth v. Crosby**, 844 A.2d 1271, 1271-1272 (Pa. Super. 2004) (citation omitted). An exception is made where the trial court has held a hearing on a claim of trial counsel ineffectiveness and the record has been fully developed on that issue. In that case, the Supreme Court has held it is appropriate for this Court to review an ineffectiveness claim on direct appeal. **See id.** at 1272.

Here, the trial court has not held a hearing on the issue and the record has not been developed at all on this issue. Therefore, we do not have a record upon which we can review an ineffectiveness claim.[3] Accordingly, to the extent

---

[3] Notably, the report itself is absent from the certified record, although a copy of it is included in the reproduced record. Normally, we would fault Appellant for this omission, having not met his burden to ensure the certified record contains all items necessary to review his claims. **See Commonwealth v. Tucker**, 143 A.3d 955, 963 (Pa. Super. 2016). However, as we are tasked with deciding counsel's request to withdraw, we would consider the interplay between the omission of the report and counsel's request. **See Commonwealth v. Wrecks**, 931 A.2d 717, 723 (Pa. Super. 2007). Due to our disposition - namely, that there is no record evidence that the report was presented to the court for review and that an ineffectiveness claim is not ripe for our review - we do not find the absence of the report hampers our review of this issue.

Appellant is claiming trial counsel ineffectiveness, it is not properly before this Court in this procedural posture.

Having reviewed the issues raised in counsel's **Anders** brief, and after conducting our own independent review of the record, we agree with counsel that the within appeal is wholly frivolous.[4] As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgement of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2021

---

[4] We note our independent review of the record did not reveal any additional non-frivolous issues for appeal.