J-S18007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :              PENNSYLVANIA
                                     :
               v.                      :
                                     :
                                     :
GORDON LOUIS PERRY             :
                                     :
           Appellant           :    No. 1159 WDA 2023

Appeal from the Judgment of Sentence Entered August 17, 2023
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001311-2022

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: July 11, 2024**

Gordon Louis Perry appeals from the judgment of sentence entered in the Blair County Court of Common Pleas on August 17, 2023. Additionally, Perry's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

Perry was charged with various crimes arising from a physical altercation between Perry and another individual, which led to a stabbing. On May 19, 2023, a jury found Perry guilty of aggravated assault—attempted to cause/caused serious bodily injury, aggravated assault—intentionally or knowingly causes bodily injury with a deadly weapon, escape, possession of an instrument of crime, and terroristic threats. Perry was found not guilty of recklessly endangering another person and simple assault.

On August 17, 2023, the trial court sentenced Perry to an aggregate term of 120 to 240 months' incarceration. Perry filed post-sentence motions, which were denied. Trial counsel was subsequently permitted to withdraw and the Public Defender's Office entered their appearance. This timely appeal followed.

Appointed counsel filed a timely notice of appeal, followed by a concise statement of matters complained of on appeal. After receiving an extension of time to file a brief, counsel filed a motion to withdraw as counsel, along with an **Anders** brief.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

An **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

We find counsel has substantially complied with the preliminary requirements set forth in *Anders*. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Perry's appeal is frivolous. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Perry, and his assessment of why those issues are meritless, with citations to relevant legal authority. While counsel states in the petition to withdraw that a copy of the letter sent to Perry advising him of his rights is attached, no such attachment appears along with the petition to withdraw in the record. However, counsel did attach a copy of the letter to his *Anders* brief, filed on the same date. The letter informs Perry that counsel reviewed the record, found the appeal wholly frivolous, and advised Perry that he has the right to retain new counsel in pursuit of his appeal or proceed *pro se* and that he has the right to submit any additional issues he believes are meritorious.

Counsel has thus substantially complied with the requirements of *Anders*.[1] Perry did not file a response. We may proceed to review the issues outlined in the *Anders* brief.

The *Anders* brief first presents a potential challenge to the discretionary aspects of sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal

---

[1] While we find counsel has "substantially complied" with the *Anders* requirements, we note that counsel essentially did the bare minimum in order for us to proceed with our review. Specifically, the brief's seven-sentence statement of the case, which contains the procedural and factual summary, does not contain citations to the record. Further, counsel frames the issue in terms of whether he should be permitted to withdraw on the basis of frivolity. Counsel does fix this oversight by identifying the discrete issues Perry wishes to raise in the argument section of the brief. While counsel raises a discretionary aspects of sentencing issue on Perry's behalf, counsel failed to include a separate Pa.R.A.P. 2119(f) statement. Finally, counsel raises numerous issues on Perry's behalf, but lumps them all into one very brief argument section. While counsel attempts to raise the distinct claims of sufficiency and weight of the evidence, he seems to conflate these claims in the brief. While none of these oversights is fatal to our review, we caution counsel to be more careful in the future and remind counsel that the appellate court will not act as advocate for the appellant, that is the role of the compensated appointed counsel.

defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Perry preserved his issue through filing a timely post-sentence motion and notice of appeal. However, counsel has failed to include a Pa.R.A.P. 2119(f) statement. "Where counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

In his post-sentence motion, Perry requested the trial court to reduce his sentence, arguing the sentence imposed was extremely excessive; focused purely on punishment and not on rehabilitation efforts; and did not consider the letters and statements submitted in support of his good character. This raises a substantial question. ***Commonwealth v. Banniger***, 303 A.3d 1085, 1096 (Pa. Super. 2023) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted).

However, the issue is not meritorious. Perry's sentence is not clearly unreasonable. The court sentenced Perry within the standard sentencing

range. Moreover, the court explained its reasons for its sentence on the record, as follows:

> So, we heard Mr. Perry's mother address the [c]ourt and talk about a number of really good things that Mr. Perry did. We would like to know the Gordon Perry that she describes but we don't know that Gordon. The Gordon whose behavior was described at trial was not a peaceable person. The Gordon whose behavior was described at trial committed an extremely serious violent act. The medical testimony at trial revealed that they had to do exploratory surgery because it was so possible when you use a knife on a human body that the victim's life would have been at risk from this. The other version of events that night, Mr. Perry's version, was presented through the examination and cross examination of the witnesses and it was rejected by the jury. So, the [c]ourt is left with the Mr. Perry that the criminal justice system knows, which is a Mr. Perry, who has a prior record score of five. Because of that, it directs the [c]ourt in regards to sentencing guidelines. The Court has—always has the option in regards to sentencing guidelines. There's a mitigated range, there's a standard range, there's an aggravated range. These are very serious charges, so, the standard ranges of suggested incarceration are long periods. The Court is not finding mitigated circumstances because if I was going to try to find mitigating circumstances about that evening, that would be a version of the facts that the jury rejected and I don't find any aggravating circumstances that makes these particular serious crimes worse than other very serious crimes but the Pennsylvania Commission on Sentencing has issued standard guidelines in regards to these crimes and the [c]ourt is going to sentence within the standard range of sentencing guidelines.

N.T. Sentencing, 8/17/23, at 16-17.

In as much as Perry is claiming the court did not consider certain mitigating evidence, this is belied by the record. The court heard the mitigating evidence presented, but explicitly noted its rejection of it. **See id**. Further, the trial court reviewed a presentence investigation report ("PSI"). **See id**. at 5. Where the trial court had the benefit of reviewing a PSI, we must

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992).

Therefore, Perry's challenge to the discretionary aspects of his sentence is meritless.

Next, counsel raises a potential challenge to the sufficiency of the evidence. We review sufficiency claims through a deferential lens:

We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citations and quotation marks omitted).

It is not clear from counsel's **Anders** brief which crime and which element or elements of that crime Perry finds insufficient. Further, Perry has not responded to the **Anders** brief, and therefore we are unable to determine what his sufficiency argument on appeal actually entails.

In his post-sentence motion, Perry sought a new trial based on insufficient evidence. However, Perry similarly did not indicate which crimes, or elements thereof, he was challenging in that filing either. His argument was mainly that the Commonwealth's witnesses were inconsistent, which does not constitute a proper challenge to the sufficiency of the evidence. **See Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa. Super. 1997) (stating challenges to credibility of witnesses goes to the weight of the evidence, not sufficiency).

Perry also states, without any elaboration, that he acted in self-defense. **See** "Post-Verdict and Post-Sentence Motion," 8/28/23, at ¶ 12. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude the trial court properly found that the Commonwealth provided sufficient evidence to establish that Perry was not acting in self-defense. The jury was read a proper self-defense instruction during the jury charge portion of the trial. **See** N.T. Jury Trial—Day 2, 5/19/23, at 126-28. Accordingly, the jury considered Perry's claim of self-defense during deliberations, and clearly rejected the claim. **See, e.g.**, **id**. at 135-36. The jury, as factfinder, was free

to decide whether or not Perry's actions were justified. We find any such challenge to the sufficiency of the evidence is without merit.

The next issue raised is whether the verdict was against the weight of the evidence. Our standard of review for a challenge to the weight of the evidence is as follows: A new trial should be granted only where the verdict "is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Roane**, 204 A.3d 998, 1001 (Pa. Super. 2019) (citation omitted). When "the figure of Justice totters on her pedestal, or [] the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Cruz**, 919 A.2d 279, 282 (Pa. Super. 2007) (citation and internal quotation marks omitted).

Our Supreme Court has repeatedly emphasized: "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence." **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

In his post-sentence motion for a new trial based on the weight of the evidence, Perry asserted the following:

> 4. The Commonwealth presented the testimony of [] the named victim [in the] matter.
>
> 5. [The victim]'s testimony was that he was the aggressor in the matter.

6. [The victim] was on top of [Perry], beating up on him when [Perry] used a knife to stab [the victim] in self defense.

7. There was evidence that [the victim] sent threatening text messages to [Perry].

8. No reasonable person could conclude that [Perry] was proven guilty beyond a reasonable doubt.

"Post-Verdict and Post-Sentence Motion", 8/28/23, at ¶ 3-8.

Perry's claims are belied by the record. A review of the record indicates that the victim never testified that he was the aggressor. Rather, when asked what the victim said to Perry upon first seeing him on the date in question, the victim testified that he "told him to leave … He said he wanted a fair one, the one-on-one with me … He wanted to fight me one-on-one." N.T. Jury Trial—Day 1, 5/18/23, at 181. As far as Perry's claims that he acted in self-defense, as stated above, the jury was free to not believe this defense based on the record before it.

The verdict is not shocking to the judicial conscience, and we discern no abuse of discretion or error of law in the trial court rejecting the weight claim.

Finally, counsel includes a potential challenge to the ineffective assistance of trial counsel. As noted by counsel, Perry has not articulated any particular ways in which trial counsel was ineffective.

In any event, "[o]ur Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." *Commonwealth v. Crosby*, 844 A.2d 1271, 1271-72 (Pa. Super. 2004) (citation omitted). An exception is made "where the trial court

- 10 -

has held a hearing on a claim of trial counsel's ineffectiveness, and the record has been fully developed on that issue[.]" *Id.* at 1272. In that case, the Supreme Court has held it is "appropriate for this Court to review an ineffectiveness claim on direct appeal." *Id*. (citation omitted).

Here, the trial court has not held a hearing on the issue and the record has not been developed at all on this issue. Therefore, we do not have a record upon which we can review an ineffectiveness claim. Accordingly, to the extent Perry is claiming trial counsel ineffectiveness, it is not properly before this Court in this procedural posture.

Having reviewed the issues raised in counsel's *Anders* brief, and after conducting our own independent review of the record, we agree with counsel that the within appeal is wholly frivolous. As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/11/2024

- 11 -