J-S40024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS EMANUEL SIERRA | : | |
| | : | |
| Appellant | : | No. 749 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 11, 2024,
Made Final by the Order Entered May 14, 2025
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000940-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: DECEMBER 17, 2025**

Luis Emanuel Sierra appeals from the judgment of sentence entered following his nolo contendere plea to numerous sexual offenses. Additionally, Sierra's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel permission to withdraw.

On March 14, 2023, Sierra was charged by criminal complaint with Count 1−rape of a child, Counts 2 and 3−involuntary deviate sexual intercourse with a child, Count 4−unlawful contact with a minor−sexual offenses, Counts 5 and 6−corruption of minors, Count 7−involuntary deviate sexual intercourse with a child, Count 8−unlawful contact with a minor, and

Count 9−corruption of minors.[1] These charges stemmed from allegations that Sierra had sexually assaulted two minors on separate occasions.

On March 11, 2024, following jury selection, but prior to the start of trial, Sierra inquired if the Commonwealth would allow him to enter a plea pursuant to a plea agreement that he had previously rejected. **See** N.T., Nolo Contendere Plea & Sentencing, 3/11/24, at 2-3. Pursuant to the negotiated plea agreement, Sierra would plead nolo contendere to all charges. **See id.** at 3. In exchange, the court would sentence Sierra in the following parameters: "The minimum sentence would be set by the [c]ourt between 15 years and 20 years, with the maximum to be twice the minimum sentence with the opportunity for consecutive probation as well. There's certainly−statutorily, there's a requirement for at least three years' probation, but you could exceed that under the parameters of the plea agreement." **Id.** Sierra acknowledged his understanding of this agreement and stated he had no questions regarding the parameters. **See id.** After administering an oral colloquy to Sierra, the trial court accepted the nolo contender plea.

The court proceeded immediately to sentencing. Trial counsel noted numerous factors for the court to consider when fashioning the sentence: his age of 28; that his father was largely absent from his life, having only been

---

[1] Respectively, 18 Pa.C.S.A. § 3121(c), 18 Pa.C.S.A. § 3123(b), 18 Pa.C.S.A. § 6318(a)(1), 18 Pa.C.S.A. § 6301(a)(1)(ii), 18 Pa.C.S.A. § 3123(b), 18 Pa.C.S.A. § 6318(a)(1), 18 Pa.C.S.A. § 6301(a)(1)(i).

just recently released from an 18-year prison sentence; he was the victim of sexual abuse by his mother's paramour which caused tension with his mother who told him it did not happen; this tension caused him to be frequently kicked out of his home which led to him living on the streets and not graduating high school; and finally that he accepted a plea to spare the victims from having to testify. *See id.* at 26-27. After explaining its reasons for its sentence, the court sentenced Sierra to 19 to 38 years' incarceration for Counts 1, 2, 3, and 7, to be served concurrent to each other, plus 10 years' probation for Counts 4, 5, and 8, to be served concurrent with each other, but consecutive to the sentence imposed at the other counts. No further penalty was imposed for Counts 6 and 9.

On March 21, 2024, Sierra filed a post-sentence motion, asserting "[a]lthough [Sierra]'s sentence was within the parameters of the plea agreement, the sentencing court failed to explain on the record why it sentenced [Sierra] to nineteen years of incarceration." Post-Sentence Motion, 3/21/24, at 2. At the court's direction, the Commonwealth filed a response.

On May 2, 2024, the trial court ordered a sexually violent predator ("SVP") assessment by the Sexual Offender's Assessment Board.

On May 28, 2024, the court denied the post-sentence motion, noting "that at the time of sentencing it articulated that [Sierra] was in serious need of treatment, and that treatment would be delayed by consecutive sentences." Order, 5/28/24. The court explained it therefore imposed consecutive

sentences in the standard range, but with a higher aggregate sentence, followed by a term of probation to facilitate treatment. ***See id.***

On July 30, 2024, following a few imperfect attempts, trial counsel filed a motion to withdraw as counsel, in which he asserted Sierra wished to pursue a Post Conviction Relief claim of ineffective assistance against him, and that Sierra did not want trial counsel to file a direct appeal on his behalf. On August 2, 2024, the trial court granted the motion to withdraw.

On May 14, 2025, the parties appeared for an SVP hearing. Due to trial counsel's withdrawal, the court first conducted a ***Grazier*** hearing. Following a colloquy, the court determined Sierra could proceed *pro se* for the SVP hearing, based on Sierra's statements that he wished to proceed *pro se* for the hearing, as he did not wish to contest the SVP determination, and would concede his classification of an SVP due to his intent to appeal the underlying convictions. The court thereafter classified Sierra as an SVP.

On May 19, 2025, new counsel was appointed to represent Sierra on appeal. On June 6, 2025, counsel filed the instant notice of appeal. Counsel thereafter filed a statement of intent to file an ***Anders*** brief in lieu of filing a concise statement. Counsel has since filed a motion to withdraw as counsel, along with an ***Anders*** brief.

We turn first to counsel's petition to withdraw. To withdraw pursuant to ***Anders***, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has

determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). With respect to the third requirement of ***Anders***, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

An ***Anders*** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

We find counsel has substantially complied with the preliminary requirements set forth in ***Anders***. Counsel filed a petition to withdraw, certifying she has reviewed the case and determined that Sierra's appeal is frivolous. Further, counsel attached to her petition a copy of a letter she sent

to Sierra advising him of his rights, including his immediate right to retain new counsel in pursuit of his appeal or proceed *pro se* and that he has the right to submit any additional issues he believes are meritorious. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Sierra, and her assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has therefore complied with the requirements of **Anders**. Sierra has not filed a response. As such, we proceed to a review of the issues outlined in the **Anders** brief.

The sole issue raised in the **Anders** brief presents a challenge to the discretionary aspects of Sierra's sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

We note, while counsel indicates she has included a Rule 2119(f) statement, the statement is deficient. **See Commonwealth v. Bullock**, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted) (A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law."). In any event, "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). Similarly, counsel's deficient Rule 2119(f) statement does not hinder our review in the **Anders** context.

A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion to modify. **See id**. Sierra did not object to any aspects of his sentence at the sentencing hearing. Accordingly, to preserve a challenge to the discretionary aspects of his sentence, he was required to note specific challenges to the court's discretion in his post-sentence motion.

In his motion to modify sentence, Sierra conceded his sentence was within the parameters of the plea agreement and only argued that the sentencing court failed to explain the reasons for its sentence on the record. **See** Post-Sentence Motion, 3/21/24, at 2.

Even if we assume *arguendo* that Sierra raised a substantial question, the issue is not meritorious. The court sentenced Sierra within the standard sentencing range, and in accordance with the negotiated plea agreement, as Sierra has conceded. ***See id.*** Further, the court thoroughly explained its reasons for its sentence on the record, as follows:

> All right. I, similar to the prosecutor, always have difficulty understanding how someone could be the victim of a crime and then perpetrate it. But it's not important that I understand it, I simply recognize the literature and the studies on it that it's a reality.
>
> They call it the cycle of abuse, that abuse begets abuse. And I'm hoping as it becomes more of public understanding, that there's hope that at some point, people can receive enough intervention that the cycle can at some point be shut off.
>
> But I think in your case, it's not just the abuse. It was the betrayal of your mother to you. And I take heart in the fact that these two young ladies' mother did not betray them, but instead supported them through all the tribulations that lead up to even going to trial.
>
> And I'm not ignoring the fact that you spared them, ultimately, the requirement to do so. You have a Constitutional right to insist upon the Commonwealth meeting its burden and in so doing, I think you probably would have doubled down on the trauma on those two young ladies.
>
> So I'm not going to ignore that, but you have the classic self-treatment, because I'm assuming you were using drugs at the same time you were selling them?
>
> …
>
> Well, it's good that you didn't get to that level, but then you were peddling it to others, so that's why you have a prior record score of four. And that appropriately supports the guidelines as they're laid out.

In a state sentence, you'll obviously have an opportunity to pay a debt that you owe to society and to the victims in this case, but it's also an opportunity for you to receive appropriate treatment. That only works if you go into it with the idea that there's something that needs to be treated. Going in and acting as if you don't have that would be a concern.

The fact that you treated yourself with marijuana and then were on antidepressants and anti-anxiety medication, I commend you for coming off of it, but it means that there's some healing you have to do when you ultimately come out, so that you start a new chapter in your book as opposed to the road that you went down.

I'm at a loss as to why, when you were in juvenile court, when everyone's geared towards identifying underlying issues and problems, why you didn't avail yourself of that as a juvenile to get the treatment, the intervention, while you were still young and perhaps avoid the adult convictions and now the charges that you're facing sentencing on today.

So I'm only putting it out there. You're obviously gonna be serving an extensive sentence. How you go into it and how you take advantage of the resources in there would be important. So I'm taking into consideration the guidelines and the fact that each one of these constitutes multiple offenses.

…

I'm trying to fashion it, but I understand where the prosecution is coming from. In an earlier life, I served in that capacity as well and served as a defense counsel, so I understand where you stand as well.

But what I'm trying to get at is each of those sentences are compound, and if you would have gone to trial, it is clear that there would have been a sentence that would have been in excess of the mandatories of the two. So I'm starting at that point.

And I think you were wise not to go to trial, because if it played out where the jury convicted you, there'd be no bargaining point at all, and it would be the harshness that the facts would have called upon. So I'm accepting the terms of the plea agreement. I think it is a fair resolution.

And I don't think it's in the [c]ourt's dominion to require an entry of a plea of guilty. We can accept a nolo contendere. But I suggest to you that you weigh that down the road. If you're gonna be getting treatment as a condition of parole, acknowledgement of what you did, whatever the fact situation is, would be an essential preset in order to be paroled and successfully complete the treatment that would be required, in as well as out.

Too many people that I track after this wind up maxing and do their entire time in prison, because they don't accept the treatment by acknowledging what actually occurred. And I'm hoping that's not gonna be the case with you. I mean, that's one of the reasons why we have consecutive probationary sentences.

So part of me has to assume that you may not do well going in with a nolo, so I want to make sure there's sufficient supervisory time afterwards. And in the event that, at some point, isn't necessary, that can be terminated at the appropriate time if all parties are in agreement. But that's the optimistic view.

I have to be realistic. I'm not judging you, because I can't judge you. Someone higher will make that call down the road. But I have to go with the track record that those going into these offenses with nolos don't tend to do well while they're inside.

I hope I'm wrong, and I hope you prove me wrong, and nothing would make me happier than to see you prove me wrong and take advantage of that. So despite the guidelines' limitations, I'm gonna avoid consecutive incarceration sentences, simply because I want you to be eligible for the treatment at the earliest opportunity in the state correctional institution.

My understanding when you have consecutive sentences, they don't really give you the priority on the treatment until you're on the penultimate sentence. And I think by structuring it this way and not doing violence to the guidelines as they're laid out count by count, I think this aggregate sentence is appropriate.

N.T., Nolo Contendere Plea & Sentencing, 3/11/24, at 28-33.

Accordingly, in as much as Sierra is claiming the court did not give reasons for the sentence of 19 to 39 years' incarceration, this claim is clearly

belied by the record. The court heard the mitigating evidence presented, explicitly noted its consideration of that evidence, and gave its sentence based on the court's belief that Sierra needed treatment that he would get from a longer aggregate concurrent term, as opposed to consecutive terms. *See id*. Based on the above, a challenge to the discretionary aspects of Sierra's sentence is meritless.

Finally, we acknowledge trial counsel withdrew based on the contention that Sierra wished to pursue a post-conviction claim of ineffective assistance against him. Based on the record in front of us, it is not entirely clear in what particular ways Sierra believes trial counsel was ineffective.

In any event, "[o]ur Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." *Commonwealth v. Crosby*, 844 A.2d 1271, 1271-1272 (Pa. Super. 2004) (citation omitted). An exception is made where the trial court has held a hearing on a claim of trial counsel ineffectiveness and the record has been fully developed on that issue. In that case, the Supreme Court has held it is appropriate for this Court to review an ineffectiveness claim on direct appeal. *See id*. at 1272.

Here, the trial court has not held a hearing on the issue and the record has not been developed at all on it. Therefore, we do not have a record upon which we can review an ineffectiveness claim. Accordingly, to the extent Sierra

has asserted trial counsel's ineffectiveness, it is not properly before this Court in this procedural posture.

Having reviewed the issues raised in the **Anders** brief, and after conducting our own independent review of the record, which did not reveal any additional non-frivolous issues for appeal, we agree with counsel that the within appeal is wholly frivolous. As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgement of sentence affirmed. Petition for leave to withdraw granted. Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/17/2025</u>